# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CR-205-CVE |
| | ) |
| KERRY SLOAN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the Government's Motion to Revoke Order Granting Conditions of Release (Dkt. # 10). Plaintiff filed a motion for detention (Dkt. # 5) as to defendant Kerry Sloan and requested a hearing before a magistrate judge. The magistrate judge held a detention hearing and found that defendant should be released pending trial subject to conditions of pretrial release.[1] Dkt. # 9. Plaintiff asks the Court to revoke the magistrate judge's order granting defendant pretrial release.[2] Dkt. # 10. Defendant was ordered to file an expedited response to plaintiff's motion, and defendant has filed a response (Dkt. # 16). The Court has also considered the motion for detention, a transcript of the detention hearing, and the pretrial services report prepared by the United States Probation Office. The Court finds that it has a sufficient record to rule on plaintiff's motion (Dkt. # 10), and it is unnecessary to set plaintiff's motion for an evidentiary hearing.

---

[1] The magistrate judge orally stated his finding that defendant should be released pending trial, but he had not entered a written order when plaintiff's motion to revoke pretrial release (Dkt. # 10) was filed.

[2] Plaintiff cited two exhibits in its motion (Dkt. # 10) but failed to attach the exhibits to the motion. Plaintiff filed an errata (Dkt. # 11) with a copy of the motion and the referenced exhibits, and the Court has reviewed plaintiff's exhibits.

## I.

On October 3, 2018, a grand jury returned an indictment charging defendant with transporting a minor with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a). A conviction under this statute carries a mandatory minimum sentence of 10 years and a possible maximum sentence of life imprisonment. Plaintiff filed a motion (Dkt. # 5) to detain defendant pending trial, and a detention hearing was held on October 11, 2018.

Plaintiff presented the testimony of Sergeant Jillian Phippen of the Special Victims Unit for the Tulsa Police Department (TPD), and Phippen described the investigation of the alleged sexual assaults committed by defendant.[3] On June 12, 2017, TPD was notified by the Pittsburg County Sheriff's Office that it had stopped a vehicle after it had received a call that a minor female was being held against her will by her track coach. Defendant was the minor female's track coach, and he had brought the minor female to Tulsa to visit colleges. During a forensic interview, the minor female reported that she fell asleep in the vehicle on the way to Tulsa, and defendant reached his hand inside of her pants and touched her vagina. They arrived in Tulsa and stayed at the Renaissance Hotel. They stayed in a suite-style room with a bedroom and a separate area with a couch, and the minor female was lying on the bed. The minor female was having hip pain and defendant encouraged her to rub lotion on her hip, and she fell asleep as defendant helped her rub lotion on her hips. Defendant removed her pants and she woke up when the defendant was inserting his penis into her vagina. She pretended to stay asleep and defendant continued to have sex with

---

[3] Defendant denies the allegations made by the minor female and he has pled not guilty. The Court is simply summarizing Phippen's testimony and the evidence contained in the police reports (Dkt. # 11, at 3-37) for the purpose of determining whether defendant should be released pending trial, and nothing in this Opinion and Order should be construed as a finding of fact as to what occurred between defendant and the minor female.

her. Defendant later woke her up and told her to clean herself. Later that night, the minor female was afraid that defendant would assault her again, and she tried to stay awake until she believed that defendant had fallen asleep. The minor female started to fall asleep and she heard defendant enter her room, and he began to rub her body and remove her clothes. Defendant again started to have vaginal sex with the minor female and she told him to stop, and she asked defendant to take her home. They packed their belongings and began to drive back to Texas, and she stated that she wanted to get out of the car. Defendant refused to stop the car and the minor female called her mother to report what had occurred. Her mother called the Pittsburg County Sheriff's Office and defendant's vehicle was stopped in Pittsburg County, Oklahoma.

The minor female was removed from the vehicle, and she gave a forensic interview and underwent a physical examination. During the interview, the minor female described how defendant had been grooming her to engage in sexual activity and defendant asked the minor female to keep these activities secret. TPD searched the hotel room where defendant and the minor female had been staying, and they recovered a condom wrapper, a used condom, and a prescription medication bottle labeled "Citrate (Viagra)." Dkt. # 11, at 18-19. DNA testing did not exclude defendant as a suspect in the alleged rape of the minor female. Id. at 34-35. Defendant was not arrested after the vehicle was stopped in Pittsburg County, and he was allowed to return to Texas.

On August 29, 2018, defendant was charged with first degree rape in Tulsa County District Court, and he was released on bail. Defendant was in Tulsa for a court appearance on that state charge when he learned of the indictment in this case, and he contacted the United States Marshals Service in Tulsa. Defendant voluntarily surrendered to the United States Marshal on October 11,

2018, and he made his initial appearance before the magistrate judge on the same day.[4] Plaintiff filed a motion for detention and a detention hearing was also held on October 11, 2018. Defendant intended to call his wife, Cyvett Sloan, as a witness at the detention hearing, but it appears that she became lost on the way to the hearing. Instead, defense counsel made a proffer as to the substance of Cyvett Sloan's testimony. Defendant has been married to his wife for 26 years and they live in Harker Heights, Texas. Cyvett Sloan works for the United States Department of Defense, and the couple has two adult children. Defendant served in the United States Army for 20 years, and he had been working as a truck driver since March 2018. Defendant has type II diabetes and he was diagnosed with post-traumatic stress disorder (PTSD). Defendant has no criminal history, except for state charge stemming from the same facts giving rise to the federal indictment. The state charge was dismissed after the grand jury returned the indictment (Dkt. # 2) in this case. The magistrate judge determined that defendant should be released on conditions pending trial. Plaintiff has appealed that decision, and defendant is currently being held in pretrial custody until this Court rules on plaintiff's motion to revoke release order (Dkt. # 10).

**II.**

Plaintiff asks the Court to reject the magistrate judge's oral finding releasing defendant subject to conditions of pretrial release, and it argues that defendant did not rebut the presumption of detention in this case. Dkt. # 10, at 3. Defendant responds that the magistrate judge correctly found that defendant was not a flight risk or a danger to the community, and he asks the Court to deny plaintiff's motion to revoke his pretrial release. Dkt. # 16.

---

[4] The state charge of first degree rape has been dismissed and the charge alleged in the indictment is the only pending criminal charge against defendant.

4

Under 18 U.S.C. § 3145(a)(1), an attorney for the government may file "with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). The Court has determined that it has a sufficient factual record and that another evidentiary hearing is unnecessary.

At the original detention hearing, plaintiff did not invoke the presumption of detention, pursuant to 18 U.S.C. § 3142(e), that no conditions of release will assure defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."). However, the charged offense carries a maximum sentence of life imprisonment, and plaintiff can invoke a presumption of detention under 18 U.S.C. §§ 3142(e)(2) and (f)(1)(B). When the government invokes the presumption of detention, the burden shifts to the defendant to produce evidence rebutting the presumption. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The defendant's burden of production is not heavy, but some evidence must be produced. Id. at 1355. Even if the defendant satisfies his burden of production, "the presumption remains a

5

factor for consideration by the district court in determining whether to release or detain." Id.; see also United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989) ("the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society"). At all times, the burden of persuasion remains with the government. United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

Applying the de novo standard of review, the Court will treat this as a presumption case and the Court will consider the factors stated in 18 U.S.C. § 3142(g) to determine whether defendant has rebutted the presumption of detention. Assuming defendant rebuts the presumption, the Court must also determine if there are conditions of release that will ensure that defendant will appear as required and protect the safety of the community. In a presumption case, the defendant has the burden of production. The first factor to consider is the "nature and circumstances of the offense charged," and specifically courts are told to look to "whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). In this case, defendant has been charged with transporting a minor with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a). Defendant concedes that he is charged with a crime of violence, and there is no dispute that the charged offense involves a minor victim. Dkt. # 16, at 7.

The second statutory factor is the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(2). Defendant argues that plaintiff has offered "nothing but hearsay" and police reports, and he "vehemently" denies the charges against him. Dkt. # 16, at 9. However, the minor female gave an interview after defendant's vehicle was stopped in Pittsburg County, and she provided a

detailed and coherent story describing the sexual assaults allegedly committed by defendant. Police reports show that circumstantial evidence was gathered from the hotel room that confirm critical aspects of the minor female's story. Although defendant denies the allegations made by the minor female, the Court finds that the weight of the evidence is strong and this factor supports detaining defendant pending trial.

The third statutory factor directs the Court to consider the "history and characteristics" of the accused. 18 U.S.C. § 3142(g)(3). More specifically,

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . .

Id. § 3142(g)(3)(A)-(B). The pretrial services report states that defendant has no prior criminal history and there is no history of drug or alcohol abuse. Defendant has been married for 26 years and he has lived in his current residence since 2008. Defendant would reside with his wife if he were released pending trial. He is currently employed as a truck driver and earns $5,000 per month. Defendant has two adult children who reside in western Oklahoma and he has regular contact with them. There is no evidence that defendant has been working as a track coach since his arrest or that he has contact with minor children. Plaintiff acknowledges that the personal history contained in the pretrial services report does not suggest that defendant would commit another crime if released pending trial, but plaintiff simply argues that the conduct alleged in the indictment is a better indication of defendant's personal characteristics. The Court has already considered the nature of the offense and the weight of the evidence in the first and second statutory factors, and this is not

the focus of the third statutory factor under the Bail Reform Act. Instead, the Court must focus on defendant's background and personal history under the third statutory factor, and there is ample evidence that defendant has a stable home and no prior history of violent or criminal behavior. The third statutory factor suggests that there are conditions that would allow defendant to be released pending trial.

Finally, the Court must consider the "nature and seriousness of the danger to any person or the community" posed by defendant and if there are any conditions that would "reasonably assure the appearance of the person . . . ." 18 U.S.C. § 3142(g)(4). In this case, the Court must balance the nature of the crime charged against the lack of evidence in defendant's background suggesting that he would pose a danger to the community. The pretrial services report states that defendant has a stable job and home life, and he has no prior history of criminal behavior. Defendant is currently employed as a truck driver and he is no longer working as a track coach. The Court also takes into account that the same conduct alleged in the indictment formed the basis for a first degree rape charge in state court. Defendant states that he was released on bail and he always appeared in court for any hearings.[5] Dkt. # 16, at 5. This is supported by the fact that he was in Tulsa to appear at a preliminary hearing on the state charge when he learned of the federal charge against him, and he voluntarily surrendered to the United States Marshal. Plaintiff argues that defendant could commit a similar offense if he were released pending trial, and he was previously able to conceal his alleged grooming of the minor female from her parents and the community. Dkt. # 10, at 10. The magistrate judge took this into account and he would have imposed conditions that prevented

---

[5]  The Court has reviewed the docket sheet from the state court case on the Oklahoma Supreme Court Network (OSCN) and has confirmed that defendant appeared as required at the two scheduled hearings.

defendant from coaching or have any contact with minor children. The Court finds that there is no evidence other than the pending criminal charge that defendant poses a danger to any person or the community, and defendant has an established history of appearing for court hearings as required. This supports a finding that there are conditions of release that would reasonably assure the appearance of defendant and the safety of any other person or the community.

      Balancing all of the statutory factors, the Court finds that defendant has rebutted the presumption of detention, and there are conditions of release that will assure defendant's appearance and protect any other person or the community. The Court has given significant weight to the nature of the charged offense and the weight of the evidence against defendant, and the Court has also taken the presumption of detention into account. However, there is no evidence suggesting that defendant is flight risk and he has an established history of appearing for court hearings. Defendant also has no criminal history or personal characteristics that would suggest that he poses a danger to any other person or the community. Under the Bail Reform Act, "individuals charged with a crime are "generally" released on conditions of pretrial release unless the government meets its burden to show that the defendant is a flight risk or a danger to any person or the community. United States v. Ailon-Ailon, 875 F.3d 1334, 1336 (10th Cir. 2017). Although there is a presumption of detention, the Court has determined that defendant presented evidence to rebut the presumption of detention and the burden of persuasion as to flight risk and danger always remain with the government. Stricklin, 932 F.2d at 1354-55. The Court finds that plaintiff has not met its burden to show that defendant is a flight risk or that he poses a danger to any other person or the community, and he should be released on conditions pending trial. Defendant is advised to comply with all conditions

of pretrial release imposed by the magistrate judge, because his pretrial release could be revoked for failure to comply with these conditions.

**IT IS THEREFORE ORDERED** that the Government's Motion to Revoke Order Granting Conditions of Release (Dkt. # 10) is **denied**.

**IT IS FURTHER ORDERED** that defendant should be released pending trial subject to conditions set forth by the magistrate judge, and the United States Marshal for the Northern District of Oklahoma is directed to immediately release defendant from pretrial custody.

**IT IS FURTHER ORDERED** that the magistrate judge shall enter a written order stating the conditions upon which defendant can be released pending trial.

**IT IS FURTHER ORDERED** that defendant shall report to the United States Probation Office for the Northern District of Oklahoma immediately upon release from custody.

**DATED** this 16th day of October, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE