# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CR-0205-CVE |
| KERRY SLOAN, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court is defendant's motion for expedited judicial review (Dkt. # 216). Defendant argues that certain federal criminal statutes are unconstitutionally vague, and defendant is asking the Court to vacate his conviction or reduce his sentence. The motion appears to be the refiling on one of the numerous supplements that defendant filed in support of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

On October 3, 2018, a grand jury returned an indictment charging defendant with one count of transporting a minor with the intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a).[1] Dkt. # 2. The Court appointed counsel to represent defendant and the parties negotiated a plea agreement. Defendant agreed to change his plea to guilty and the parties agreed that defendant would receive a sentence between 151 and 188 months. On March 26, 2019, the Court held a change of plea hearing and the Court accepted defendant's guilty plea. The Court sentenced defendant to 180 months, but defendant did not filed an appeal within 14 days of entry of the judgment and

---

[1] A grand jury subsequently returned a superseding indictment (Dkt. # 44) specifying the nature of the criminal sexual activity, but the superseding indictment did not assert any additional criminal charges against defendant.

commitment. On August 19, 2019, defendant filed a motion for reduction of sentence (Dkt. # 72), and the Court advised defendant that it would treat the motion as his original motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 unless he withdrew the motion. Dkt. # 74. Defendant responded to the Court's order by requesting leave to withdraw his motion for reduction of sentence, and he also asked the Court to construe his response as a notice of appeal. Dkt. ## 74, 75. The Tenth Circuit Court of Appeals dismissed defendant's notice of appeal as untimely. Dkt. # 86. Defendant filed a § 2255 motion (Dkt. ## 88, 89) asserting claims of ineffective assistance of counsel, and he filed numerous supplements to his motion asserting additional claims. The Court denied defendant's motion and declined to issue a certificate of appealability. Dkt. # 185. Defendant sought a certificate of appealability from the Tenth Circuit, and the Tenth Circuit denied defendant's request for a certificate of appealability.

Defendant has filed a motion styled as a motion for expedited judicial review (Dkt. # 216) and it appears that he is asking the Court to vacate his conviction or reduce his sentence. The law is clearly established that "the exclusive remedy for testing the validity of a judgment or sentence . . . is that provided for in 28 U.S.C. § 2255." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Defendant has already filed a § 2255 motion that has been denied, and he has not sought leave from the Tenth Circuit to proceed with a second or successive § 2255 motion. The Court finds that defendant's motion (Dkt. # 216) should be treated as a second or successive § 2255 motion, because he is challenging the validity of his convictions and sentence and he has already filed a § 2255 motion that has been denied. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th

Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Court finds that defendant's motion (Dkt. # 216) should be construed as a second or successive § 2255 motion. The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing

Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). The Court has reviewed defendant's motion (Dkt. # 216) and finds that there is no risk that a meritorious claim will be lost absent transfer to the Tenth Circuit. Defendant has made no attempt to show that he has any basis to proceed with a second or successive § 2255 motion, and he has not identified any ground under which the Tenth Circuit would likely permit him to proceed with a second or successive § 2255 motion. The Court declines to transfer defendant's motion to the Tenth Circuit.

Even though the Court lacks jurisdiction over defendant's motion, the Tenth Circuit has directed district courts to consider whether a COA should be issued when a second or successive § 2255 motion is dismissed. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion for expedited judicial review (Dkt. # 216) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**DATED** this 9th day of December, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE